# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1407**

**CA 11-01404**

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND GORSKI, JJ.

---

IN THE MATTER OF THE ESTATE OF HENRY P. BAUER,
DECEASED.
-------------------------------------------------
GARY BAUER, AS ADMINISTRATOR OF THE ESTATE OF
HENRY P. BAUER, DECEASED,
PETITIONER-RESPONDENT-APPELLANT;

                                        MEMORANDUM AND ORDER

MEGAN WOLFE, RESPONDENT-PETITIONER-RESPONDENT,
AND MARC I. WOLTAG, AS GUARDIAN AD LITEM FOR
WINSTON GABRIEL BAUER-WOLFE,
RESPONDENT-RESPONDENT.

---

WOODS OVIATT GILMAN LLP, ROCHESTER (GORDON S. DICKENS OF COUNSEL), FOR
PETITIONER-RESPONDENT-APPELLANT.

BERWITZ & DITATA LLP, GARDEN CITY (MAUREEN ROTHSCHILD DITATA OF
COUNSEL), FOR RESPONDENT-PETITIONER-RESPONDENT.

EMBSER & WOLTAG, P.C., WELLSVILLE (MARC I. WOLTAG OF COUNSEL), FOR
RESPONDENT-RESPONDENT.

---

Appeal from an order of the Surrogate's Court, Allegany County (Thomas P. Brown, S.), entered December 15, 2010. The order, inter alia, granted the cross motion of the guardian ad litem for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the cross motion of respondent guardian ad litem and as modified the order is affirmed without costs, and the matter is remitted to Surrogate's Court, Allegany County, for further proceedings in accordance with the following Memorandum: Petitioner-respondent (petitioner), as administrator of the estate of Henry P. Bauer (decedent), appeals from an order that, inter alia, granted the cross motion of respondent guardian ad litem (hereafter, respondent) for summary judgment determining that decedent's son (hereafter, child) is the sole heir and distributee of decedent's estate. The child was born in North Carolina in 2006 to respondent-petitioner Megan Wolfe. Two days later, decedent and Wolfe, who were never married to each other, executed an "Affidavit of Parentage for Child Born out of Wedlock" (hereafter, affidavit) in North Carolina. After decedent's death in 2009, petitioner filed, inter alia, a petition for probate and letters of administration. Wolfe subsequently filed a cross petition for probate and letters of administration, after which Surrogate's Court

appointed her as guardian of the child's property and appointed respondent as guardian ad litem for the child. Wolfe also filed a petition seeking to remove petitioner as administrator of decedent's estate. Petitioner moved to dismiss the petition and cross petition of Wolfe, and respondent cross-moved for summary judgment determining that the child is the sole distributee of decedent's estate.

We agree with petitioner that the Surrogate erred in granting respondent's cross motion. The Surrogate erred in determining that the requirement that the affidavit be filed, under either New York law (*see* EPTL 4-1.2 [a] [2] [B]) or North Carolina law (*see* NC Gen Stat § 29-19 [b] [2]; *see also* § 130A-101 [f]), was either unnecessary or could be performed posthumously in this proceeding in order to establish the child's right to inherit. As the Surrogate noted, the record is not clear whether the affidavit was filed in North Carolina. A posthumous filing, however, is insufficient to establish the child's right to inherit. Absent evidence that there was a filing of the affidavit pursuant to either the New York or North Carolina statutes, respondent failed to establish as a matter of law that the child is entitled to inherit. We reject petitioner's further contention that the Surrogate erred in denying his motion, inasmuch as he failed to establish as a matter of law that the requisite filing had not occurred. We therefore modify the order by denying respondent's cross motion, and we remit the matter to Surrogate's Court for further proceedings on the petition and cross petition of Wolfe.

Entered:  January 31, 2012                    Frances E. Cafarell
                                              Clerk of the Court